## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| KAREN VAGNINI, | *   CIVIL ACTION NO. |
| Plaintiff, | * |
| | * |
| v. | |
| | JANAURY 25, 2019 |
| SNAP ON CREDIT, LLC AND LOUIS JAMES MUELLER, | * |
| | * |
| Defendants. | * |

## COMPLAINT

### Jurisdiction and Venue

1.      Jurisdiction of this Court is based upon 28 U.S.C. § 1332(a).

2.      The plaintiff is a resident of the State of Connecticut.

3.      The defendant, Louis James Mueller, is a resident of the State of Maryland.

4.      The defendant, Snap-On Credit, LLC is an Illinois limited liability company with a principal place of business address in Libertyville, Illinois.

5.      The amount in controversy exceeds $75,000.

6.      The action arises out of a motor vehicle accident that occurred on February 12, 2016, on Route 695 in Baltimore County, Maryland.

7.      Venue is proper in the District of Maryland pursuant to 28 U.S.C. § 1391(b)(2) because substantial actions that gave rise to the claim occurred in this district, namely the motor vehicle accident.

## PARTIES

8.      Karen Vagnini (hereafter referred to as "Vagnini") is a resident of the State of Connecticut, with a home address of 66 Owl Ridge, Woodbury, Connecticut.

9.      Louis James Mueller (hereinafter referred to as "Mueller") is a resident of the State of Maryland, with a home address of 404 Braxton Court, Joppa, Maryland.

10.     Snap-On Credit, LLC is an Illinois limited liability company with a business address of 950 Technology Way, Libertyville, Illinois.

## COUNT ONE
### (Karen Vagnini v. Louis James Mueller)

1-10.  The plaintiff repeats and realleges paragraphs 1 through 10 of the Complaint as if fully set forth herein.

11.     On February 12, 2016, Vagnini was a front seat passenger in a 2012 Honda CRV operated by her husband Michael Vagnini, traveling on the Inner Loop of Route 695 approaching the Route 95 on ramp.

12.     At the same time, Mueller was driving a 2011 box truck of unknown make and was also traveling on the Inner Loop of Route 695 in the same location behind the Vagnini vehicle.

13.     The 2011 box truck was owned by defendant Snap-On Credit, LLC.

14.     There was significant traffic congestion on the Route 95 on ramp that caused Mr. Vagnini to slow his vehicle.

15.     Because Mueller was following too closely and failed pay attention and to react properly to the slowing traffic, the box truck slammed into the rear of Vagnini's Honda CRV causing significant body damage and injuring Vagnini.

16. The impact of the collision caused the Vagnini vehicle to strike a third vehicle in front of it and all three cars slammed into the left shoulder barrier.

17. Vagnini was violently jerked front and back and to the side as a result of the accident.

18. The aforesaid collision was caused by the negligence and carelessness of the defendant Mueller, in one or more of the following ways:

(a) In that he traveled at an unreasonable speed, given the width, traffic conditions, use of the highway, and weather conditions;

(b) In that he failed to apply his brakes in a timely and appropriate manner;

(c) In that he failed to pay attention to his surroundings;

(d) In that he failed to keep his vehicle under proper control;

(e) In that he failed to keep a proper lookout for other vehicles lawfully using the public roadway;

(f) In that he made an unsafe lane change immediately prior to the collision;

(g) In that he failed to stop his vehicle so as to avoid the collision; and

(h) In that he failed to sound his horn to give a timely warning, or any warning whatsoever, of the pending collision.

19.     As a result of the force of the collision, plaintiff, Vagnini suffered severe and painful injuries to multiple body parts, some or all of which are or may be permanent in nature, including without limitation:

    a.  Trauma to her left side with back pain;

    b.  Transverse comminuted fracture of the right forearm requiring reconstructive surgery employing plate and screws;

    c.  Five left lateral rib fractures;

    d.  Non-displaced fracture of the right iliac wing and left buckle fracture of the left superior pubic ramus;

    e.  Right ankle fracture of the distal fibula;

    f.  Right wrist injury that has become chronic and resulted in a loss of grip strength; and

    g.  Right elbow fracture of the proximal radius.

20.     As a further result of the collision that was caused by the negligence and carelessness of the defendant, Mueller, the plaintiff has incurred and will continue to incur expenses for hospital services, physician's services, orthopedic services, physical therapy, rehabilitation services (in-patient and out-patient), radiological and other diagnostic tests, and prescription drugs, and she will be forced to expend further sums for such expenses in the future, including the potential of surgical intervention.

21.     As a result of sustaining these injuries, Vagnini was caused to suffer an overall physical discomfort that imposed restrictions on her ability to participate and enjoy all of life's activities.

**WHEREFORE,** the plaintiff demands judgment against defendant Mueller in the amount of One Million Dollars ($1,000,000) plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

<u>**COUNT TWO**</u>
**(Karen Vagnini v. Snap-On Credit, LLC - Agency)**

1-19.   The plaintiff repeats and realleges paragraphs 1 through 19 of the Complaint as if fully set forth herein.

20.     Mueller was acting in his capacity as an employee, agent, and/or servant of the defendant Snap-On Credit, LLC at the time of the aforementioned collision.

21.     The above-described acts of defendant Mueller were committed within the scope of his agency and while furthering the business interests of defendant Snap-On Credit, LLC.

22.     As the principal for defendant Mueller, Snap-On Credit, LLC is responsible for all the acts and the negligence committed by defendant Mueller.

**WHEREFORE,** the plaintiff demands judgment against defendant Snap-On Credit, LLC in the amount of One Million Dollars ($1,000,000) plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

<u>**COUNT THREE**</u>
**(Karen Vagnini v. Snap-On Credit, LLC – Negligent Hiring)**

1-19.   The plaintiff repeats and realleges paragraphs 1 through 19 of the Complaint as if fully set forth herein.

20.     Defendant Snap-On Credit, LLC had a duty to use reasonable care to select

an employee who was competent and fit to perform the duties required as an employee.

21.     Defendant Snap-On Credit, LLC owed that duty to the plaintiff and that duty was breached.

22.     Defendant Snap-On Credit, LLC knew or should have known that Defendant Mueller would be likely to operate a motor vehicle in a negligent and reckless manner.

23.     Defendant Snap-On Credit, LLC knew or should have known that defendant Mueller was not competent or fit for the duties required of him as an employee.

24.     Defendant Snap-On Credit, LLC breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position.

25.     As a result of defendant Snap-On Credit, LLC's negligence in hiring and retaining defendant Mueller, plaintiff was injured as alleged herein.

**WHEREFORE,** the plaintiff demands judgment against defendant Snap-On Credit, LLC in the amount of One Million Dollars ($1,000,000) plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

## COUNT FOUR
### (Karen Vagnini v. Snap-On Credit, LLC – Negligent Entrustment)

1-19.  The plaintiff repeats and realleges paragraphs 1 through 19 of the Complaint as if fully set forth herein.

20.     The injuries, harm and damages were incurred by the plaintiff as a result

of the use of the vehicle by defendant Mueller in a negligent and reckless manner, which because of his youth, inexperience and prior actions, defendant Snap-On Credit, LLC knew or had reason to know was likely and involved an unreasonable risk of harm to others.

21.    Defendant Snap-On Credit, LLC, as the owner of the truck driven by defendant Mueller, has the right to permit and the power to prohibit the use of said vehicle by defendant Mueller.

22.    Defendant Snap-On Credit, LLC knew or had reason to know that defendant Mueller because of youth, inexperience or prior actions was likely to drive his truck in a negligent and reckless manner.

23.    As a direct result of defendant Snap-On Credit, LLC's negligence in entrusting the vehicle to defendant Mueller, who operated said vehicle in a negligent and reckless manner, plaintiff, without any contributory negligence, was injured as alleged herein.

**WHEREFORE,** the plaintiff demands judgment against defendant Snap-On Credit, LLC in the amount of One Million Dollars ($1,000,000) plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

PLAINTIFF,
KAREN VAGNINI

BY:_____
Theodore Heiser
Bar No. 14077
Sullivan Heiser, LLC
116 East Main Street
Clinton, Connecticut 06413
860-664-4440 (t)
860-664-4422 (f)
twh@sullivanheiser.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| KAREN VAGNINI, | *   CIVIL ACTION NO. |
| Plaintiff, | * |
| v. | * |
| | JANUARY 25, 2019 |
| SNAP ON CREDIT, LLC AND LOUIS JAMES MUELLER, | * |
| | * |
| Defendants. | * |

_____

## JURY TRIAL CLAIM

The plaintiff, Karen Vagnini, claims a trial by jury on all claims triable by jury.

PLAINTIFF,
KAREN VAGNINI

BY:_____
Theodore Heiser
Bar No. 14077
Sullivan Heiser, LLC
116 East Main Street
Clinton, Connecticut 06413
860-664-4440 (t)
860-664-4422 (f)
twh@sullivanheiser.com